IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DISCOVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-621-FB |
| | § | |
| LAWRENCE JEANPIERRE, REMOVING PARTY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of United States Magistrate Judge filed in the above styled and numbered cause on July 16, 2025 (docket #4). According to the CM/ECF system, the Report and Recommendation sent by certified mail, return receipt requested, was received by the Defendant on July 18, 2025 (docket #7). To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

In the Report, United States Magistrate Judge Elizabeth S. Chestney recommends that Defendant's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs (docket entry no. 1) (IFP motion) be denied because the IFP motion did not provide the Court with any financial information from which it could evaluate Defendant's ability to afford the filing fee in this case. In every blank provided on the IFP form, Defendant wrote "N/A" or left the question blank. On June 16,

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

2025, Magistrate Judge Chestney issued an order directing Defendant to supplement his IFP application, explaining her inability to evaluate Defendant's financial circumstances because he did not provide any financial information in his IFP motion. Defendant was directed to supplement his IFP motion with an additional affidavit describing the amount of any monthly income he receives (including unemployment benefits, disability payments, gifts, or any other source of income) and a list of his regular monthly expenses and their amounts. Defendant was warned that if he failed to provide the Court with the requested supplementation, his motion to proceed IFP would be denied, and he would be required to pay the filing fee to proceed with the removal of this case. The supplementation was due by July 7, 2025. Because Defendant failed to provide the requested supplementation, Defendant failed to establish that he is unable to pay the filing fee due to poverty.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendant's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs (docket entry no. 1) shall be DENIED and Defendant shall be ordered to pay the filing fee on or before September 19, 2025, and Defendant shall be advised that his failure to timely pay the filing fee will result in this case being remanded for failure to follow a court order and failure to comply with the requirement contained in 28 U.S.C. § 1914(a) that all parties instituting a suit in federal court, whether by removal or otherwise, pay the filing fee.

Accordingly, it is hereby ORDERED that the Report and Recommendation of the United States Magistrate Judge filed in this cause on July 16, 2025 (docket #4), is ACCEPTED pursuant to 28 U.S.C.

§ 636(b)(1) such that Defendant's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs (docket entry no. 1) is DENIED.

IT IS FURTHER ORDERED that Defendant shall pay the filing fee of $405.00 on or before **Friday, September 19, 2025.** Defendant is advised that his failure to pay the filing fee of $405.00 by September 19, 2025, will result in this case being remanded for failure to follow a court order and failure to comply with 28 U.S.C. § 1914(a) which requires that all parties instituting a suit in federal court, whether by removal or otherwise, pay the filing fee.

It is so ORDERED.

SIGNED this 18th day of August, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE